DAVID HOUSTON, PLAINTIFF-RESPONDENT, v. MAY M. BRITTINGHAM ET VIR, ET AL., DEFENDANTS-APPELLANTS.

Submitted May 31, 1940—Decided October 10, 1940.

For the plaintiff-respondent, *Harrison & Roche* (*J. Henry Harrison* and *George L. Lombardi*).

For the defendants-appellants, *Edward R. McGlynn*.

The opinion of the court was delivered by

CASE, J. The appeal is from a judgment in the Essex County Circuit Court for the plaintiff, assignee of David Houston Corporation, and against the defendants on conclusions filed by one of the judges of that court sitting without a jury upon a stipulation as to the facts. The stipulation contained a provision that "the testimony, exhibits, final decree and record, as set forth in the state of case in the New Jersey Court of Errors and Appeals entitled 'May M. Brittingham, *et al.*, Complainants-Respondents, and Huyler's a New York Corporation, *et al.*, Defendants-Appellants, and David Houston, Defendant-Respondent, on Appeal from the Court of Chancery,' together with the pleadings, records and affidavits on the motion to strike the answer in the above entitled cause, to wit, Houston v. Brittingham, *et al.*, be used by the Court in lieu of the taking of testimony." The decision of this court in the named litigation is reported in 120 *N. J. Eq.* 198, and consists of an affirmance upon the Chancery opinion reported in 118 *Id.* 352. The instant suit is to recover the unpaid brokerage commissions for effecting the sale agreement mentioned in that opinion.

Defendants were the owners of 861 Broad street in the city of Newark wherein Huyler's, a corporation, was the

tenant, bound by a lease guaranteed by Huyler's of Delaware, Incorporated. Both of the Huyler corporations were owned, to the extent of control, by D. A. Schulte, Incorporated. The management personnel in the several corporations interlocked. For illustration, Mr. Arthur D. Schulte was vice-president of D. A. Schulte, Incorporated, and of most of the Schulte companies and specifically had general charge of the retention or cancellation of Huyler leases, and Mr. Kenneth Barnaby was a vice-president of D. A. Schulte, Incorporated, and of Huyler's. Mr. Houston refers in his testimony and depositions interchangeably to himself and the corporation bearing his name. No distinction, substantial in the cause, is made between the individual and the corporation. Houston had recently entered into a contract with D. A. Schulte, Incorporated, whereby he took over the management for that corporation of the Firemen's Building in Newark as renting agent—a business arrangement which has no relevancy beyond the fact of business affiliation. He was summoned by Barnaby and authorized to negotiate for the purchase of the defendants' property. Out of that authority grew the contract of sale which this court, in adopting the language of Chancery, found was "conceived in fraud and executed in fraud * * * not intended as a *bona fide* transaction" and which, the fraudulent purpose having meanwhile been accomplished, "Huyler's * * * dummy refused to carry out." The "dummy" was the New Dorp Realty Corporation which, as vendee, executed the sales contract and which was incorporated for that sole purpose. Plaintiff's clients were the corporations which perpetrated the fraud upon which he now endeavors to collect. Plaintiff was a party to the equity proceeding, a witness at the hearing in Chancery and, by his counsel, a participant throughout the case. After the hearing the bill was dismissed as to him upon the ground that his part in the fraudulent contract was apparently innocent.

The action is upon the following written memorandum addressed on defendants' behalf to plaintiff's assignor before the corporate vendee had renounced its contract and before the fraud had been discovered:

"David Houston Corporation,
810 Broad Street,
Newark, New Jersey.
Gentlemen:

This is to confirm arrangement entered into for payment of broker's commission to you for sale of premises 861 Broad Street, Newark, N. J., which title is set for closing at $180,000.00—commission to be $3,750.00 on which it was agreed that $1,000.00 would be paid on signing the agreement, check for which $1,000.00 is enclosed herewith.

Balance of $2,750.00 to be paid on the passing of title."

The general rule applicable to recovery by real estate brokers of their commissions on the sale of real estate was recently stated in *Lippincott* v. *Content,* 123 *N. J. L.* 277, as follows:

"The principle is well established that an agent becomes entitled to the commission when he has procured a purchaser able and willing to conclude the transaction on the terms authorized by the owner, and that in such circumstances a clause to the effect that the commission is payable upon closing title merely fixes the time for payment of the commission."

We may assume that the final sentence in the commission memorandum merely fixed the time for payment and did not impose a limitation upon the obligation to pay. Notwithstanding, plaintiff has not, in our opinion, placed himself within the rule. The ability of the vendee has not been shown. Its unwillingness, even at the inception, is apparent. It was, as has been said, what is known as a dummy. The findings in Chancery, affirmed by this court, disclosed that the $7,500 deposit on purchase price was paid from funds furnished by Huyler's and that the contract was made with the undisclosed intention not to perform. Plaintiff, although he was a specialist in the real estate of Newark's business center where the building, with the well known Huyler's as a tenant, was situated, and was himself fresh from other business relations with Barnaby, who was a vice-president of Huyler's as well as of Schulte, may not have known of the

interlocking corporate interests. He may not have sensed the significance of the obligation of secrecy imposed upon him with respect to the identity of the persons whose offer he was presenting. In any event—this we must and do assume—he was innocent of participation in the fraud. Nevertheless, he now seeks to capitalize upon the fraud which his clients perpetrated. The court below in the instant case assumed, and rested upon, the correctness of the factual findings in the Chancery proceeding. It erred, in our opinion, in the legal effect which it gave to the broker's ignorance of his clients' fraud and in construing the memorandum concerning commissions to be a complete and continuing validation of the transaction. We conclude that the established facts preclude plaintiff from recovery. The transaction does not come within the rule. The rule was founded upon the proposition that a broker who has secured a purchaser in accordance with the seller's terms is entitled to the agreed compensation. But the embodiment of a fraudulent conspiracy within the shell of a corporation, such as we have here, does not constitute a *bona fide* purchaser, however ignorant of the fraud the broker may be. To compel the owners of real estate to pay a broker for enabling his clients to perpetrate a fraud upon them, simply because the broker did not participate in, or, if so it be, had no suspicion of, the fraud, would, it seems to us, be strange justice. *Thompson* v. *Briscoe,* 108 *N. J. L.* 387, and other cases of like effect which hold that when the vendor and vendee have entered into a binding agreement the vendor may not escape paying the commission by saying that the purchaser did not live up to the terms of his contract are not pertinent. The memorandum regarding commissions was written in ignorance of the vitiating fraud which was present from the inception of the offer to the renunciation of the purchase contract by the vendee and therefore may not be taken as a waiver of the broker's obligation to produce a purchaser both willing and able to conclude the transaction.

The complaint was amended by the addition of a second count which grounded in money had and received. This count did not enter into the findings of the court below and

is not the subject of appeal. Also, the appeal does not extend to so much of the judgment as went against the defendants on their counter-claim.

The judgment below for $2,750 plus interest and costs will be reversed.

*For affirmance*—PORTER, DEAR, WELLS, WOLFSKEIL, HAGUE, JJ. 5.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, RAFFERTY, JJ. 9.